NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0473n.06

Case No. 20-4111

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JOHN FIGUEROA, II, | ) | **FILED** |
| | ) | Oct 19, 2021 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| PORTAGE COUNTY, OHIO, SHERIFF'S | ) | COURT FOR THE NORTHERN |
| DEPARTMENT and JOHN DOE, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendants-Appellees. | ) | OPINION |
| | ) | |

Before: CLAY, GIBBONS, and BUSH, Circuit Judges.

JOHN K. BUSH, Circuit Judge. John Figueroa II[1] appeals the district court's judgment dismissing his claims under Ohio law and 42 U.S.C. § 1983 against the Portage County, Ohio, Sheriff's Department and a "John Doe" sheriff's deputy. He has forfeited most of his challenges on appeal. But he argues that his suit should proceed because the county is liable for the actions of its sheriff's deputies. Because a county cannot be liable under § 1983 on a respondeat superior theory, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), and Figueroa has otherwise failed to state a plausible claim, we affirm.[2]

---

[1] At the district court, Figueroa is uniformly referred to as John Figueroa II. Although the case was docketed on appeal with the suffix "III," Figueroa uses the suffix "II" in his motions and Appellant Brief.

[2] We briefly note Figueroa's failure to provide the jurisdictional statement required by Federal Rule of Appellate Procedure 28(a)(4). His brief contains the proper heading, but it states only that the district court had subject-matter jurisdiction because Figueroa was "alleging causes of action," and that we have jurisdiction "under Federal Rules of Appellant [sic] Procedure 4(a)" because jurisdiction was proper in the district court. (Appellant Br., 3.) This statement falls well short of

Driving home from a child's birthday party in July 2017, Figueroa and his family were pulled over by a Portage County Sheriff's Department deputy. The deputy searched the vehicle and confiscated an unspecified amount of currency. Figueroa was then indicted for possession of cocaine and faced forfeiture of the seized currency. At trial, he was acquitted of the drug and forfeiture charges.

Nearly two years after the traffic stop, he brought one claim for intentional infliction of emotional distress under Ohio law and another for deprivation of constitutional rights under 42 U.S.C. § 1983, alleging that he was unlawfully stopped, unlawfully detained, and falsely arrested and that his vehicle was unlawfully searched. The district court granted the Department's motion for judgment on the pleadings and dismissed the complaint in its entirety. Figueroa now appeals, arguing that the district court erred in doing so.

We review the district court's grant of judgment on the pleadings de novo and apply the same standard of review used to evaluate the grant of a Rule 12(b)(6) motion to dismiss. *Jackson v. City of Cleveland*, 925 F.3d 793, 806 (6th Cir. 2019) (citing *Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010)). So we "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). To survive a motion for judgment on the pleadings, the complaint must "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

even the simple requirements of Rule 28(a)(4). However, the Department provided a sufficient jurisdictional statement, and Figueroa's mistake "does not prevent our review in this case." *United States v. Baggett*, 251 F.3d 1087, 1092 n.3 (6th Cir. 2001) (citation omitted).

Figueroa does not address the district court's dismissal of his intentional infliction of emotional distress claims or its determination that the Department cannot be sued under Ohio law. By failing "to address the district court's reasoning in disposing" of these claims, he has "forfeited any challenge to the district court's disposition of" them. *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 522–23 (6th Cir. 2019) (quoting *Rees v. W.M. Barr & Co., Inc.*, 736 F. App'x 119, 124–25 (6th Cir. 2018)).

That leaves Figueroa one argument on appeal: that he has stated a plausible § 1983 claim against the county by naming the "John Doe" sheriff's deputy in his complaint. In doing so, he relies on *Monell* but misunderstands its holding. A county may be liable under § 1983 when its "policy or custom" was the "moving force" behind a constitutional violation, but it cannot be liable on a respondeat superior theory. *Monell*, 436 U.S. at 691, 694. In his complaint, Figueroa did not identify any such policy or custom that may have caused his allegedly unlawful traffic stop. *See Cady v. Arenac Cnty.*, 574 F.3d 334, 345 (6th Cir. 2009). And even if the county could be held liable under § 1983 for the actions of a sheriff's deputy, the allegations in Figueroa's complaint are exactly the kind of "mere conclusory statements" that "do not suffice" under our pleading standard. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550, U.S. at 555). His arguments to the contrary—which rely exclusively on the notice-pleading standard abandoned over a decade ago in *Twombly* and *Iqbal*—are unavailing. *See Bailey v. City of Ann Arbor*, 860 F.3d 382, 388–89 (6th Cir. 2017).

The district court was correct to dismiss Figueroa's complaint, so we affirm.